UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THEODIS BROWN, SR., )
 )
 Plaintiff, )
 )
 v. ) No. 4:05-CV-832-JCH
 )
BELLEFONTAINE HABILITATION )
CENTER AND CAMPUS, )
 )
 Defendant. )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Theodis Brown, Sr., for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary and injunctive relief in this 42 U.S.C. § 2000e-5 (Title VII) action against defendant Bellefontaine Habilitation Center and Campus.  Plaintiff claims that he was discriminated against on the basis of his race.

Having carefully reviewed the complaint, the Court finds that plaintiff's Title VII claims are untimely. Plaintiff attached to his complaint a "Notice of Right to Sue" letter from the Equal Employment Opportunity Commission dated September 5, 2002.  In the letter, plaintiff is advised of his right to bring a civil action in federal court within 90 days.  The instant complaint, however,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

was not filed with the Court until May 13, 2005. Under these circumstances, plaintiff's Title VII claims will be dismissed as untimely.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because plaintiff has failed to timely file the instant action, and thus, the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 30th day of June, 2005

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com